IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BRANDON WRIGHT, | § | CASE NO: 19-81669-CRJ-7 |
| | § | |
| *Debtor.* | § | (Chapter 7) |

| | | |
|---|---|---|
| BRANDON WRIGHT, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | ADVERSARY NO: 19-80069-CRJ |
| | § | |
| BELMONT HILL APARTMENTS | § | |
| and NATIONAL CREDIT SYSTEMS, INC., | § | |
| *Defendants.* | § | |

## DEFENDANT NATIONAL CREDIT SYSTEM'S INC.'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Pursuant to Federal Rules of Civil Procedure 12(b)(6), made applicable to these proceedings pursuant to Federal Rules of Bankruptcy Procedure 7012(b), Defendant National Credit Systems, Inc. ("Defendant" or "NCS") hereby moves the Court to dismiss the claims made by Plaintiff Brandon Wright ("Plaintiff" or "Wright") in Plaintiff's *Complaint* (the "Complaint") [Doc. 1] in this adversary proceeding on the grounds that Plaintiff failed to state a claim upon which relief can be granted. In support, NCS respectfully provides as follows:

### I.

### INTRODUCTION

1. Plaintiff filed an adversary complaint against an original creditor, Defendant Belmont Hills Apartments (the "Principal" or "Original Creditor") and the Original Creditor's collection agency, Defendant NCS, asserting a claim for violation of the automatic stay, 11 U.S.C.

Case 19-80069-CRJ    Doc 6    Filed 10/14/19    Entered 10/14/19 17:11:44    Desc Main
Document      Page 1 of 8

§ 362(a).  However, Plaintiff wholly fails to prove, other than by conclusory statements, that NCS, as the Original Creditor's agent, had any knowledge of Plaintiff's bankruptcy, such that Plaintiff's claim against NCS must be dismissed for failure to state a claim pursuant to Fed. R. Bankr. P. 7012.

## II.

### STANDARD OF REVIEW

### PLAUSIBLE, NOT JUST POSSIBLE

2.     Under *Twombly* and *Iqbal*, Plaintiff's Complaint must meet the following minimal pleading requirements to survive a Rule 12(b)(6) motion to dismiss:

> To survive a motion to dismiss brought pursuant to Rule 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). All in all, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011).

*See United States v. Bank United Tr. 2005-1*, 235 F. Supp. 3d 1343, 1352 (S.D. Fla. 2017).

III.

PLAINTIFF'S ALLEGATIONS[1]

3.       On May 31, 2019, Plaintiff filed for Chapter 7 bankruptcy.   The schedules filed by Plaintiff listed the Original Creditor, however, they did not list Defendant NCS.   *See Complaint* at para. 2 and Plaintiff's Schedules D/E at Doc. 13 in the underlying proceeding at pp. 12-14.   The Complaint also provides that notice of the bankruptcy was provided to the Original Creditor, through its attorney, in a lawsuit that was dismissed two years earlier. *See Complaint* at para. 3. Plaintiff then, without factual connection to show notice to NCS, any alleges in the Complaint that, "[d]espite having both notice and actual knowledge of the commencement of Wright's [bankruptcy] case, NCS sent a collection letter on behalf of Belmont to Wright dated August 2, 2019 attempting to collect a prepetition debt." *See Complaint* at para. 4.   Plaintiff also asserts that an agency relationship exists between the Original Creditor/Principle and NCS/Agent. *See Complaint* at para. 8.

4.       Based on such facts, Plaintiff asserts a claim against NCS for a "willful violation of the automatic stay," pursuant to 11 U.S.C. § 362(a)(6) and seeks damages and attorneys' fees from NCS pursuant to 11 U.S.C. § 362(k)(1). *See Complaint*.   However, such Complaint is devoid of any facts whereby NCS was provided any actual notice of Plaintiff's bankruptcy.

IV.

ARGUMENTS & AUTHORITY

5.       Plaintiff has the burden of proving that Defendant willfully violated the Automatic Stay.  *See e.g.*:

- *Campbell v. Carruthers (In re Campbell)*, 553 B.R. 448, 450 (Bankr. M.D. Ala. 2016):

---

[1] *See Complaint* [Doc. 1] setting out all of Plaintiff's allegations.

"The Bankruptcy Code provides a statutory cause of action to redress willful violations of the automatic stay. 11 U.S.C.S. § 362(k)(1). Violations of the automatic stay are willful if the violator (1) knew of the automatic stay, and (2) intentionally committed the violative act, regardless of whether the violator specifically intended to violate the automatic stay. A debtor who claims that a defendant violated the stay has the burden of proving the violation and the defendant's willfulness by a preponderance of the evidence."

- *Gordon v. Taylor (In re Taylor)*, 430 B.R. 305, 313 (Bankr. N.D. Ga. 2010):

    "The test for determining whether a violation of the automatic stay is willful is: (1) whether the creditor knew of the stay, and (2) whether creditor's actions, which violated the automatic stay, were intentional. *Jove Eng'g v. IRS*, 92 F.3d 1539, 1555-57 (11th Cir. 1996)."

- *Gray v. LVNV Funding*, LLC (In re Gray), Nos. 08-32314-DHW, 11-03056, 2013 Bankr. LEXIS 2428, at *8-9 (Bankr. M.D. Ala. 2013*)*:

    "In this circuit "willfulness generally connotes intentional action taken with at least callous indifference for the consequences." *Jove Engineering, Inc. v. Internal Revenue Service*, 92 F.3d 1539, 1555 (11th Cir. 1996) (quoting *Sizzler Family Steak Houses v. Western Sizzlin Steak House, Inc.*, 793 F.2d 1529, 1535 (11th Cir. 1986)). The standard for a willful violation of the automatic stay is met if the defendant has knowledge of the stay and intends the actions which constitute the violation. *Goichman v. Bloom (In re Bloom)*, 875 F.2d 224, 227 (9th Cir. 1989). It does not require a specific intent to violate the stay. *Id*. Once notified by the debtor of the bankruptcy filing, a creditor has the responsibility to refrain from violating the stay. *Mitchell Const. Co., Inc. v. Smith (In re Smith)*, 180 B.R. 311, 319 (N.D. Ga. 1995). A debtor, however, must establish a willful violation of the stay by a preponderance of the evidence. *See Spinner v. Cash In Hurry, LLC (In re Spinner)*, 398 B.R. 84, 94-95 (N.D. Ga. 2008). In other words, the plaintiff bears the burden of proving that the defendant undertook an act that violated the automatic stay with knowledge of the bankruptcy."

- *Govero v. Axelrod (In re Govero)*, 439 B.R. 917, 921 (Bankr. S.D. Fla. 2010):

    "The Bankruptcy Code provides a statutory cause of action to redress willful violations of the automatic stay. 11 U.S.C.S. § 362(k)(1). Violations of the automatic stay are willful if the violator (1) knew of the automatic stay, and (2) intentionally committed the violative act, regardless of whether the violator specifically intended to violate the automatic stay. A debtor who claims that a defendant violated the stay has the burden of proving the violation and the defendant's willfulness by a preponderance of the evidence."

6.     Without any actual knowledge, Plaintiff's claims against NCS rely solely on an argument that NCS, an agent of the Original Creditor, was imputed with the knowledge of the bankruptcy provided by Plaintiff to the Original Creditor.   However, knowledge of a principal is not imputed to an agent.   *See e.g.*:

- *Siharath v. Citifinancial Servs. (in Re Siharath)*, 285 B.R. 299, 301 (Bankr. D. Minn. 2002):

  "Pursuant to the "imputed knowledge rule of agency," knowledge from the agent is imputed to its principal because when an agent acts within the scope of an agency relation, there is an identity of interests between the principal and his agent. It is presumed that the agent will perform its duty and communicate to his principal the facts that the agent acquires while acting within the scope of the agency relationship. The imputed knowledge rule of agency, however, does not operate in the converse, and the agent cannot be imputed with the information which its principal has failed to give it. An agent may rely upon the representations of his principal and the principal's undisclosed knowledge is not imputed to him."

- *Thomason v. Chestatee Cmty. Ass'n (In re Thomason)*, 493 B.R. 890, 893 (Bankr. N.D. Ga. 2013):

  "Under accepted principles of agency law, while the knowledge of an agent can be imputed to the principal, the converse is not true and the knowledge of the principal is not imputed to its agent."

7.     Plaintiff provides no evidence, beyond conclusory allegations, that NCS had knowledge or notice of Plaintiff's bankruptcy. For Plaintiff's Complaint to survive judicial scrutiny, there must exist a claim for which relief can be granted.   *See e.g.*:

- *Jones v. CitiMortgage (In re Jones)*, Nos. 14-67333-MGD, 15-05190-MGD, 2015 Bankr. LEXIS 4449, at *5 (Bankr. N.D. Ga. 2015):

  "Rule 8(a), applicable in this adversary proceeding through Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7008(a), requires a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); FED. BANKR. P. 7008(a). Pursuant to Rule 12(b)(6), applicable through Bankruptcy Rule 7012(b), a defendant in an adversary proceeding is permitted to move for dismissal when a plaintiff fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6); FED. BANKR. P. 7012(b). When determining whether a

Case 19-80069-CRJ    Doc 6    Filed 10/14/19    Entered 10/14/19 17:11:44    Desc Main
Document    Page 5 of 8

complaint states a claim upon which relief can be granted, the Court must accept as true the complaint's factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Daewoo Motor Am., Inc. v. Gen. Motors Corp*., 459 F.3d 1249, 1271 (11th Cir. 2006). The complaint must contain "sufficient factual matter . . . to "state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Twombly*, 550 U.S. at 570). "Threadbare recitals of the elements of a cause action, supported by mere conclusory statements, do not suffice." *Id.* (*citing Twombly*, 550 U.S. at 555)."

- *Caraway v. Klein (In re Klein)*, No. NC-12-1263-JuPaD, 2013 Bankr. LEXIS 4674, at *1 (B.A.P. 9th Cir. 2013):

  "In ruling on a motion for a judgment on the pleadings, a bankruptcy court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. In addition, the court does not have to accept as true conclusory allegations that contradict facts that may be judicially noticed or that are contradicted by documents referred to in the complaint."

## V.

### CONCLUSION

8.     Plaintiff's Complaint is devoid of any facts whereby NCS was provided any actual (or even constructive or imputed) notice or had any knowledge of Plaintiff's bankruptcy. Therefore, Plaintiff's naked conclusions that NCS had both notice and actual knowledge are not supported by the facts alleged.   Moreover, without NCS receiving notice and/or having actual knowledge of Plaintiff's bankruptcy case, it could not have the required intent to commit a "willful violation of the automatic stay."

### PRAYER

With respect to the claims asserted by Plaintiff, the allegations in the Complaint do not state a claim upon which relief can be granted as a matter of law and NCS requests judgment that

dismisses Plaintiff's claims against NCS.   Defendant NCS also respectfully requests such other and further relief to which it may be entitled.

Respectfully submitted,

By:   /s/ William P. Traylor, III
           William P. Traylor, III (TRA 002)
           Federal Court No. asb-5762-r79w
           ttraylor@yearout.net

OF COUNSEL:
YEAROUT & TRAYLOR, P.C.
3300 Cahaba Road, Ste. 300
Birmingham, AL   35203
(205) 414-8160
(205) 414-8199 Facsimile

ATTORNEYS FOR DEFENDANT
NATIONAL CREDIT SYSTEMS, INC.

Case 19-80069-CRJ    Doc 6    Filed 10/14/19    Entered 10/14/19 17:11:44    Desc Main
Document      Page 7 of 8

## CERTIFICATE OF CONFERENCE

On October 11, 2019, Counsel for Movant conferred with Counsel for Plaintiff regarding the relief sought by this Motion.   Counsel for Plaintiff is opposed to the relief sought.

Certified this 14th day of October, 2019.

By:    */s/ William P. Traylor, III*
        William P. Traylor, III (TRA 002)


## CERTIFICATE OF SERVICE

On October 14, 2019, I electronically submitted the foregoing document with the clerk of court for the U.S. Bankruptcy Court, Northern District of Alabama using the electronic case filing system of the court.   I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2) as follows:

John C. Larsen, Esq.                   VIA ECF
LARSEN LAW P.C.
1733 Winchester Road
Huntsville, AL 35811
ATTORNEYS FOR PLAINTIFF

By:    */s/ William P. Traylor, III*
        William P. Traylor, III (TRA 002)