IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

IN RE BRANDON WRIGHT,

    Debtor,

BRANDON WRIGHT,

    Plaintiff,

v.

BELMONT HILL APARTMENTS,
and NATIONAL CREDIT SYSTEMS,
INC.

    Defendants.

Bankruptcy Case Number
19-81669-CRJ7

Adversary Proceeding No.
19-80069-CRJ

## **PLAINTIFF'S OPPOSITION TO DEFENDANT NATIONAL CREDIT SYSTEMS INC.'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED.R.CIV.P 12(B)(6)**

Pursuant to the Federal Rules of Civil Procedure 12(B)(6), made applicable to these proceedings pursuant to Federal Rules of Bankruptcy Procedure 7012(B), Plaintiff Brandon Wright hereby moves the Court to deny the Defendant's Motion to Dismiss on the grounds that the Plaintiff has stated a claim upon which relief can be granted.

### I.     Introduction

Plaintiff filed an adversary complaint against Defendant Belmont Hill Apartments and Defendant National Credit Systems, Inc. asserting claims for violation of the automatic stay embodied at 11 U.S.C. §362. The Plaintiff avers in his complaint that the Defendants had both notice and knowledge of the Plaintiff's bankruptcy. The complaint filed by the Plaintiff alleges at paragraph four: "the **defendants'** conduct was particularly remarkable in that they received notice through the Chapter 7 Bankruptcy and also through a Suggestion of Bankruptcy filed in the above reference civil suit. Therefore, **they** cannot disavow notice nor the intentionality of their conduct. Clearly, there are no adequate systems and procedures in place to prevent such transgressions." Plaintiff's allegations as to both Defendants state plausible claim(s) upon which relief can be granted.

### II.     Standard of Review

Under *Twombly* and *Iqbal*, Plaintiff's Complaint must meet the following minimal

pleading requirements to survive a Rule 12(b)(6) motion to dismiss:

> To survive a motion to dismiss brought pursuant to Rule 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). All in all, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011).

*See United States v. Bank United Tr. 2005-1*, 235 F. Supp. 3d 1343, 1352 (S.D. Fla. 2017).

"A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(B)(6)." *Carbone v. Cable News Network, Inc.,* 910 F.3d 1345, 1350 (11th Cir. 2018); see *Chestnutt Merrill*, 377 F.Supp.3d 1308, 1311 (N.D.Ala. 2019). **In determining whether or not a party is entitled to judgment on the pleadings, the court accepts all material facts alleged in the complaint as true and views them in the light most favorable to the non-moving party.** *Perez v. Wells Fargo, N.A.,* 774 F.3d 1329, 1335 (11th Cir. 2014); *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Washington v. Rivera*, 939 F.3d 1239 (11th Cir. 2019); *Perez v. Wells Fargo, N.A.,* 774 F.3d 1329, 1355 (11th Cir. 2014).

### III.     Plaintiff's Allegations

On May 31, 2019, the Plaintiff filed for bankruptcy protection. The Adversary Proceeding filed by the Plaintiff alleges that both Defendants had either **notice** or **actual knowledge** of the bankruptcy filing. The Plaintiff contends that it is not only plausible, but highly likely that National Credit Systems, Inc. had notice of the Plaintiff's bankruptcy. Indeed, the Suggestion of Bankruptcy filed by the Plaintiff was public record. Surely, a large and sophisticated creditor like National Credit Systems, Inc. has systems and procedures in place to

take note of significant matters that affect the propriety of their collection efforts. Likewise, perhaps the contractual arrangement between National Credit Systems, Inc. and Belmont Hill Apartments required timely communication between the parties as to important matters affecting their relationship. It is indeed plausible, given the business relationship between the Defendants that National Credit Systems, Inc. had notice and knowledge of the Plaintiff's bankruptcy filing. Plausible, not just possible.

## IV. Arguments and Authority

It can hardly be argued that Defendant National Credit Systems, Inc. violated the stay – they did. The central issue before this honorable Court is whether that stay violation was willful. The Plaintiff argues that the stay violation was in fact willful because National Credit Systems, Inc. had notice and/or actual knowledge of the Plaintiff's bankruptcy case. The Plaintiff's complaint is replete with facts that make it "plausible" that National Credit Systems, Inc. was provided "notice" of the Plaintiff's bankruptcy. Perhaps Defendant Belmont Hill Apartments can shed some light on their communication(s) with National Credit Systems, Inc. Plaintiff's allegation that Defendant National Credit Systems, Inc. had knowledge of the bankruptcy is entirely plausible given the business relationship between the Defendants. The Plaintiff's claims against National Credit Systems, Inc. do **not** rely solely on an argument that they were imputed with the knowledge of the bankruptcy provided by the Plaintiff to the original creditor. The Plaintiff contends that it is quite plausible, likely in fact, given the business relationship between the Defendants that communication regarding the bankruptcy occurred between them. For instance, it is quite likely that contractually the Defendants were required to report matters such as a bankruptcy filing to one another in a timely fashion.

## V. The Plaintiff's Complaint Sufficiently Pleads a Claim upon which relief can be granted

While the Defendant couches their argument in terms of Plaintiff's failure to state a claim, the thrust of their argument is that the Plaintiff has failed to plead sufficient facts to state a claim. In this light, the Court's analysis should begin with the requirements for pleading a claim contained in Rule 8 of the Federal Rules of Civil Procedure, incorporated by Bankruptcy Rule 7008, which requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of Rule 8 is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), overruled on other grounds; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The United States Supreme Court's pronouncements in *Twombly*, as well as *Ashcroft v. Iqbal*, 556 U.S., 1295 S.Ct. 1937, 173L.Ed. 868 (2009), grant trial courts significant leeway to determine whether the Plaintiff's allegations plausibly lead to relief. However, the opinions do nothing to modify Rule 8, and specifically do not require detailed factual allegations. *Sinaltrainal v. Coco-Cola*, F.3d 2009 WL 2431463 (11th Cir. 2009). Indeed, it remains black-letter law that in the ordinary case, "a complaint need not provide detailed factual allegations" in order to withstand

Rule 12(b)(6) scrutiny. *Wilchombe v. TeeVee Toons, Inc.,* 555 F.3d 949, 958 (11th Cir. 2009) (citing *Twombly*, 127 S.Ct. at 1964). *Twombly* did not eliminate or marginalize the liberal rules contained in Rule 8. *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 N.43 (11th Cir. 2008) ("We understand *Twombly* as a further articulation of the standard by which to calculate the sufficiency of all claims brought pursuant to Rule 8(A)."). "Notwithstanding the efforts of many Federal litigants to frame it as such, the *Twombly* standard is not a trap for the unwary pleader who fails to utter talismanic incantations or plead his case with the greatest possible specificity." *Caytrans BBC, LLC v. Equipment Rental and Contractors Corp.,* 2009 WL 857554 (S.D.Ala. March 25, 2009), citing *Garrett v. Stanton*, 2008 WL 4701215, *5 (S.D.Ala. Oct. 22, 2008) ("the rules do not oblige a plaintiff to plead its claims with maximum specificity."); *Abrams v. Ciba Specialty Chemicals Corp.,* 2008 WL 4183344, *3 (S.D.Ala. Sept. 10, 2008) (Similar).

The pleading standard imposed by *Twombly* is only that "[a] plaintiff must provide enough factual allegations, which are assumed to be true, to raise a right to relief above the speculative level." *Wilchombe*, 555 F.3d at 958, citing *Twombly*, 127 S.Ct. at 1965; see also *James River Ins.Co. v. Ground Down Engineering, Inc.,* 540 F.3d 1270, 1274 (11th Cir. 2008). Although *Twombly* made clear that the pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," it also stressed that the rules of pleading do "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1964-65, 1974; see also *Financial Sec. Assur., Inc. v. Stephens Inc.,* 500 F.3d 1276, 1282-83 (11th Cir. 2007) (**proper test is whether complaint "contain(s) either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory"**). Even in the post-*Twombly* era, the Rule 12(B)(6) sufficiency inquiry focuses on whether the challenged pleadings "give the defendant fair notice of what the…. claim is and the grounds upon it rests. *Erickson v. Pardus*, 551 U.S. 89 (2007), quoting *Twombly*, 127 S.Ct. at 1964).

## VI.     Conclusion

The Plaintiff's complaint contains both direct and inferential allegations respecting all the material elements necessary to sustain a recovery for violating the automatic stay. Defendant National Credit Systems, Inc. has been given fair notice of what the claim is and what it is predicated on.

## VII.     Prayer

With respect to the claims asserted by the Plaintiff, the allegations in the Complaint state a claim upon which relief can be granted. The Plaintiff requests that Defendant National Credit Systems Inc.'s Motion to Dismiss be denied.

Dated: 11/22/2019 			Respectfully submitted,
			/s/ John C. Larsen
			John C. Larsen
			Attorney for the debtor/plaintiff,
			Brandon Wright

OF COUNSEL:
LARSEN LAW P.C.
1733 Winchester Road
Huntsville, Alabama 35811
(256) 859-3008
john@jlarsenlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing has been served upon the following electronically or by depositing copies in the United States Mail, properly addressed and postage prepaid, on this the 22nd day of November, 2019.

William P. Traylor, III
YEAROUT & TRAYLOR, P.C.
3300 Cahaba Road, Ste. 300
Birmingham, AL 35203
ttraylor@yearout.net


A copy was served electronically on Tazwell Shepard, Chapter 7 Trustee, on this the 22nd day of November, 2019.

			/s/ John C. Larsen