IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| BRANDON WRIGHT, | § § | CASE NO: 19-81669-CRJ-7 |
| *Debtor*. | § § | (Chapter 7) |
| | | |
| BRANDON WRIGHT, *Plaintiff*, | § § § | |
| v. | § § | ADVERSARY NO: 19-80069-CRJ |
| BELMONT HILL APARTMENTS and NATIONAL CREDIT SYSTEMS, INC., *Defendants*. | § § § § | |

**DEFENDANT NATIONAL CREDIT SYSTEM'S INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT NATIONAL CREDIT SYSTEMS INC.'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

In reply to *Plaintiff's Opposition to Defendant National Credit Systems, Inc.'s Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)* [Doc. 15] (the "Response") Defendant National Credit Systems, Inc. ("Defendant NCS") provides as follows:

PLAINTIFF'S ALLEGATIONS

1. Throughout the Response, Plaintiff relies on statements in the Complaint that can only be characterized as speculation or conclusions, particularly when looking at the allegations. Specifically, Plaintiff relies on the following statements to satisfy that "factual content" required to satisfy *Iqbal* and *Twombly*, along with Defendant NCS's comments:

| Plaintiff's Averment | Defendant NCS Reply |
|---|---|
| "[t]he **defendants** conduct was particularly remarkable in that they received notice through the Chapter 7 Bankruptcy and also through a Suggestion of Bankruptcy filed in the above-reference [sic] civil suit. Therefore, **they** cannot disavow notice nor the intentionality of their conduct. Clearly, there are no adequate systems and procedures in place to prevent such transgressions." *See* the Response at p. 1, citing the Complaint (emphasis in original). | Plaintiff's averment is conclusory and contradicted by the Complaint. While Plaintiff uses "Defendants" plural and refers to "they" in such averment, Plaintiff's Schedules in his underlying bankruptcy case (Schedule D/E at Doc. 13 at pp. 12-14) show that notice was only provided to Defendant Belmont, not NCS. Likewise, as shown by the Suggestion of Bankruptcy attached to the Complaint, NCS was not a party, nor provided with service. |
| "The Adversary Proceeding filed by the Plaintiff alleges that both Defendants had either **notice** or **actual knowledge** of the bankruptcy filing. The Plaintiff contends that it is not only plausible, but highly likely that National Credit Systems, Inc. had notice of the bankruptcy." Response at p. 2. | Again, Plaintiff's averment is completely conclusory. Plaintiff never provides a factual statement how Defendant NCS had notice of Plaintiff's Bankruptcy. |
| "Indeed the Suggestion of Bankruptcy filed by the Plaintiff was public record. Surely, a large and sophisticated creditor like National Credit Systems, Inc. has systems and procedures in place to take note of significant matters that affect the propriety of their collection efforts. Likewise, perhaps the contractual arrangement between National Credit Systems, Inc. and Belmont Hill | Plaintiff's averment is devoid of any facts and contains only speculation (which isn't even included in the Complaint), then ends with another conclusory statement unsupported by any facts. |

| Apartments required timely communication between the parties as to important matters affecting their relationship. It is indeed plausible, given the business relationship between the Defendants that National Credit Systems, Inc. had notice and knowledge of the Plaintiff's bankruptcy filing. Plausible, not just possible. | |
|---|---|

ARGUMENT & AUTHORITY

2. As stated in Defendant NCS's Motion, conclusory statements cannot satisfy the necessary pleading standard to survive a Rule 12(b)(6) motion to dismiss. *See e.g., Hirsh v. Silversea Cruises Ltd*, 2015 U.S. Dist. LEXIS 191529 at *4-5 (S.D. Fla. March 5, 2015):

> [t]he court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. "Mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, and a plaintiff cannot rely on naked assertions devoid of further factual enhancement." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). In sum, "[t]he plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556).

3. Similarly, speculation "will not do". *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level") (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp 235-236 (3d ed. 2004)). Conclusory statements cannot satisfy the necessary pleading standard

to survive a Rule 12(b)(6) motion to dismiss. *See e.g., Jones Stephens Corp v. Coastal Ningbo Hardware Mfg. Co.*, 2019 U.S. Dist. LEXIS 55437 at *2-3 (N.D. Ala. April 1, 2019):

> A motion to dismiss challenges the legal sufficiency of a complaint. Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant can move to dismiss a complaint for "failure to state a claim upon which relief can be granted." The complaint will survive the motion to dismiss if it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). For a complaint to be "plausible on its face," it must contain enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). And the court accepts as true the factual allegations in the complaint. *Id.* But not all allegations can defeat a motion to dismiss. "[L]abels and conclusions" and speculation "will not do." *Twombly*, 550 U.S. at 555. So, the court will look only at well-pled *facts*, and if those facts, accepted as true, state a plausible claim for relief, then the complaint will survive the motion to dismiss. *Iqbal*, 556 U.S. at 678.

### CONCLUSION & PRAYER

4.      Under *Twombly* and *Iqbal*, Plaintiff's Complaint simply fails to include the well-pled *facts* to establish a plausible claim that Defendant NCS willfully violated the Automatic Stay as set out in the Motion.[1] Nor does Plaintiff even address Defendant NCS's authority that knowledge of a principal is not imputed to an agent.[2] As such,

---

[1] *See e.g., Gordon v. Taylor (In re Taylor)*, 430 B.R. 305, 313 (Bankr. N.D. Ga. 2010):

> The test for determining whether a violation of the automatic stay is willful is: (1) whether the creditor knew of the stay, and (2) whether creditor's actions, which violated the automatic stay, were intentional. *Jove Eng'g v. IRS*, 92 F.3d 1539, 1555-57 (11th Cir. 1996).

[2] *See e.g., Gordon v. Taylor Siharath v. Citifinancial Servs. (in Re Siharath)*, 285 B.R. 299, 301 (Bankr. D. Minn. 2002):

> Pursuant to the "imputed knowledge rule of agency," knowledge from the agent is imputed to its principal because when an agent acts within the scope

Defendant NCS requests that the Court grant the Motion and prays for such other and further relief to which it may be entitled.

Respectfully submitted,

*/s/ William P. Traylor, III*
William P. Traylor, III (TRA 002)
Federal Court No. asb-5762-r79w
ttraylor@yearout.net

*/s/ Jason L. Yearout*
Jason L. Yearout (YEA 011)
Federal Count No. asb-4487-t80j
jyearout@yearout.net

OF COUNSEL:
YEAROUT & TRAYLOR, P.C.
3300 Cahaba Road, Ste. 300
Birmingham, AL  35203
(205) 414-8160
(205) 414-8199 Facsimile

ATTORNEYS FOR DEFENDANT
NATIONAL CREDIT SYSTEMS, INC.

---

of an agency relation, there is an identity of interests between the principal and his agent. It is presumed that the agent will perform its duty and communicate to his principal the facts that the agent acquires while acting within the scope of the agency relationship. The imputed knowledge rule of agency, however, does not operate in the converse, and the agent cannot be imputed with the information which its principal has failed to give it. An agent may rely upon the representations of his principal and the principal's undisclosed knowledge is not imputed to him.

DEFENDANT NCS'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS    Page 5

Case 19-80069-CRJ    Doc 17    Filed 11/27/19    Entered 11/27/19 11:24:52    Desc Main
Document      Page 5 of 6

CERTIFICATE OF SERVICE

  On November 27, 2019, I electronically submitted the foregoing document with the clerk of court for the U.S. Bankruptcy Court, Northern District of Alabama using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2) as follows:

  John C. Larsen, Esq. <u>VIA ECF</u>
  LARSEN LAW P.C.
  1733 Winchester Road
  Huntsville, AL 35811

                OF COUNSEL
                */s/ William P. Traylor, III*

DEFENDANT NCS'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS  Page 6

Case 19-80069-CRJ  Doc 17  Filed 11/27/19  Entered 11/27/19 11:24:52  Desc Main
Document  Page 6 of 6